**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**ANNA AMSTADT, SUSAN MENAKER, ALEXANDER SAMPSIDIS and MILTON WEISS, Defendants**

Crim. No. 349-1975

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

August 26, 1975

**HOFFMAN,** *Judge*

### OPINION AND ORDER

This matter came on for a hearing on August 25, 1975 on defendants' motions to dismiss and to suppress evidence. The Court, having heard the arguments of counsel for the defendants, Bailey, Wood & Rosenberg (Frederick D. Rosenberg, Esq., of counsel) and of Assistant Attorney General Brenda J. Hollar representing the Government, and having heard the evidence presented by both sides, hereby

■ 1) DENIES defendants' motion to dismiss the complaint for an alleged failure to state probable cause on its face, on the grounds that Municipal Court Rule 122(a) goes only to the validity of the warrant or summons issued upon the complaint. As such, this is a moot question in this case, given the defendants' appearance at the hearing, and is not grounds for the dismissal of the complaint.

■ 2) GRANTS the defendants' motion to suppress the evidence seized by the arresting officer on the grounds that he lacked both the requisite probable cause to stop the defendants' vehicle and also lacked the expertise to identify the alleged marijuana on a plain view basis with any degree of certainty from a moving vehicle. The officer's testimony as to the configuration of the alleged marijuana plants lacked the degree of certainty required by law. The officer's conclusion was based admittedly on his own "general knowledge" and was wholly premised, from what I could conclude, on the visual configuration (namely, the number and shape of the leaves) of the plants that the offi-

cer observed in the rear of the Volkswagen in which the defendants were riding. In the Court's opinion, the officer was only able to demonstrate the most general kind of familiarity with procedures for the visual identification of marijuana. The Government made no proof that the visual characteristics described by the officer were conclusively or preponderantly indicative of marijuana. Additionally, from the circumstances of the officer's observation of the plants in a moving vehicle from another moving vehicle at night, I conclude that the officer could not have made a clear visual identification of the plants as marijuana.

From the testimony of defendant Milton Weiss, I find that the defendants met their burden of going forward and on balance of all the testimony I find no probable cause to stop the vehicle and insufficient expertise on the part of the arresting officer to base the seizure on a plain view theory. The motion to suppress the evidence seized is therefore granted.

It is so ordered.